ORIGINAL

FILED
2010 OCT -1 P 3:44
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  LARA R. SHAPIRO (State Bar No. 227194)
2  4145 Via Marina # 324
   Marina del Rey, CA 90292
3  Telephone: (310) 577-0870
4  Facsimile: (424) 228-5351

5  *Of Counsel to*
6  Lemberg & Associates LLC
   A Connecticut Law Firm
7  1100 Summer Street
8  Stamford, CT 06905
   Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424

10
   Attorneys for Plaintiff,
11 Nicolas Tchikovani

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 10  4459  EMC

| Nicolas Tchikovani, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;** |
| Zwicker & Associates, P.C.; and DOES 1-10, inclusive, | **2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.** |
| Defendants. | **JURY TRIAL DEMANDED** |

FILE BY FAX

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Nicolas Tchikovani, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Nicolas Tchikovani (hereafter "Plaintiff"), is an adult individual residing in Woodside, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Zwicker & Associates, P.C. ("Zwicker"), is a Massachusetts business entity with an address of 80 Minuteman Road, Andover, Massachusetts 01810, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Zwicker and whose identities are currently unknown to the Plaintiff. One or more of

2  COMPLAINT FOR DAMAGES

the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Zwicker at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

8. The Plaintiff incurred a financial obligation in the approximate amount of $22,000.00 (the "Debt") to American Express (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Zwicker for collection, or Zwicker was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **Zwicker Engages in Harassment and Abusive Tactics**

12. Zwicker called the Plaintiff numerous times per day in an attempt to collect the Debt with the intent to harass.

13. Zwicker was rude and abusive when speaking to the Plaintiff.

14. Zwicker threatened to file legal action against the Plaintiff if the Debt was not immediately paid. To date, no such action has been filed.

C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

17. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

20. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

21. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

22. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27. Zwicker, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

28. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

29. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

30. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

31. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

32. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

33. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

34. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 1, 2010          LARA SHAPIRO


By: /s/ Lara R. Shapiro
Lara R. Shapiro

Attorney for Plaintiff
Nicolas Tchikovani